Final case for argument, Angela Glikin v. Major Energy Electric Services. Good morning, your honors. And if it pleases the court, I thought I would focus my arguments on addressing what was stated in the reply by the defendant. Unless, of course, there's something that the court would prefer that I address. Broadly speaking, the defendant has two arguments. The first is that it complied with the written notice requirement by sending a modified contract with a letter that not only didn't even mention the enclosed contract, but didn't mention that there were any material changes to that contract as opposed to the original contract. In support of that argument on reply, the defendant makes a couple new arguments and cites a couple new cases. Can I just say, if the letter, with regard to the notice question, if the letter had said, you know, please read the attached enclosure regarding contract modifications, would that have been adequate or closer to adequate? It would certainly be closer to adequate, your honor. I mean, one of the things that Judge Bracetti very carefully analyzed was the difference between notice and description. And I think that we can all agree that because the word notice, as understood by the appellate court in Maryland, means to inform or warn that having a letter that doesn't even mention the contract, much less that it contains changes, doesn't meet that criteria. I think it's arguable that notice means you have to say there are changes, including an arbitration agreement. But I think it's enough for this court to affirm the lower court by simply saying that a letter that doesn't inform or warn about any changes is not sufficient under Maryland law for a written notice. I was going to talk about one of the cases cited in the reply that was Christian v. Comcast. The defendant cites that for the proposition that just sending the contract is enough. Of course, that's a First Circuit case, and that case involves statutory cable TV consumer protection notice, not notice under a written contract under Maryland law. And notably, the Christian court held that merely providing a new contract, quote, does not draw attention to the changes contained in the agreement. Now, that might not be a problem under the Cable TV Consumer Protection Act, but it is most certainly a problem under Maryland law, which requires that notice inform or warn. So if anything, this case supports our position. The other new argument raised on this point in the reply is that a person has notice under Maryland law if they receive the notice or had reason to know that there was some kind of change in the offing. And in support, the defendant cites Prince George's County v. Knight, a case not cited in the prior briefing. Well, of course, that case also didn't involve contractual notice, but rather involved when a person who is accused of child abuse has notice of an administrative decision such that the time to appeal begins to run. And notably, the definition cited there is from Black's Law Dictionary, which is maybe appropriate when you're talking about administrative and legal issues and when a person has notice, but it's certainly not applicable to the common sense understanding of the term notice. And that's why the Maryland courts don't look to Black's Law Dictionary when they're trying to understand what common people understand the word notice. They look at common dictionary terms. Can I ask you, and I realize you're sort of the wrong person to ask because it's an argument that you're making, but I'm trying to understand the significance of September 7, 2016, which is the date they say your contract will expire. I understand your argument that this is an evergreen contract. It doesn't expire. It may renew, but it doesn't expire. Is it the case that 9-7-16 was the renewal date based on the sort of annual renewals of that contract since its inception with the initial provider? The September 16 date was the date that the initial fixed term expired. And it's important, I think, Your Honor, to note that the contract refers to the fixed term as the initial fixed term. The defendant tries to conflate this notion that the end of the fixed rate term is the end of the contract itself, but that's plainly not what the contract itself is. So were they still on a fixed term basis by the time this got to NG&E? It hadn't rolled into a variable at that point? That's correct, Your Honor. And at what point did it roll into a variable? In October of 2016. Okay. So each year of that fixed term contract under the contract as it's passed through these various providers, if the consumer doesn't re-up by 9-7-16 for a fixed rate plan, it's going to turn into a variable. That's correct, Your Honor. So that's when they say, and I understand your argument that it's not going to expire, but when they say 9-7-16, the significance of that date is that's the date on which the fixed contract will turn into a variable contract if they do nothing. That's the date in which the pricing term turns into a variable rate, but there was only ever one contract unless the defendant complied with the written notice requirement, which they didn't. I see I'm out of time. I had a few other things to address, but I don't necessarily want to belabor the point if the Court is satisfied. I think we're, yes, we understand your position. Okay. Thank you. Thank you very much, Your Honors. And I very much appreciate the Court's attention to this case. Thank you. So that concludes the cases on for argument this morning. Thank you, everyone, the Court staff, marshals, for helping things run smoothly. And I think with that, we are now ready to adjourn. Court stands adjourned.